| | |
|---|---|
| 1 | Mark Fox Evens (*pro hac vice*) |
|   | mevens@skgf.com |
| 2 | Elizabeth J. Haanes (*pro hac vice*) |
|   | bhaanes@skgf.com |
| 3 | Byron L. Pickard (*pro hac vice*) |
|   | bpickard@skgf.com |
| 4 | Jennifer S. Bisk (*pro hac vice*) |
|   | jbisk@skgf.com |
| 5 | Suresh B. Pillai (*pro hac vice*) |
|   | spillai@skgf.com |
| 6 | **STERNE, KESSLER, GOLDSTEIN & FOX, PLLC** |
| 7 | 1100 New York Avenue |
|   | Washington, D.C. 20005 |
| 8 | Telephone: 202.371.2600 |
|   | Facsimile: 202.371.2540 |

ORIGINAL FILED
2011 OCT 14 P 2: 44
E-filing    ADR

Edward W. Smithers (CA State Bar No. 121268)
ews@smitherslf.com
**SMITHERS LAW FIRM**
160 West Santa Clara Street; Suite 1025
San Jose, CA 95113
Telephone: 408.271.1200
Facsimile: 408.271.1201

*Attorneys for Plaintiffs Unisense Fertilitech A/S and Fertilitech Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **UNISENSE FERTILITECH A/S and FERTILITECH INC.,** | Case No. CV11-05065 HRL |
| 99 Madison Avenue, 17th floor | |
| New York, New York 10016 | **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY, AND INEQUITABLE CONDUCT** |
| Plaintiffs, | |
| v. | |
| **AUXOGYN, INC.,** | **DEMAND FOR JURY TRIAL** |
| 1490 O'Brien Drive, Suite A | |
| Menlo Park, California 94025 | |
| and | |
| **THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY** | |
| Office of the President | |
| Building 10 Main Quad | |
| Stanford, California, 94305 | |
| Defendants. | |

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY, AND INEQUITABLE CONDUCT

Plaintiffs Unisense Fertilitech A/S and its wholly owned subsidiary Fertilitech Inc. (collectively "Fertilitech") are research-based companies that develop important technology to improve the success rate of in vitro fertilization ("IVF") treatments, for example, by allowing for embryos to be monitored and observed continuously during critical developmental events. Fertilitech advances the success of assisted reproduction by sharing its knowledge. It publishes its research findings and presents these findings at industry conferences.

Fertilitech developed the EmbryoScope® Time-lapse System, which uses a novel approach to analyze time-lapse images of a developing embryo. This novel approach allows researchers to observe critical states that previously went unnoticed. Fertilitech's system is important because it does not expose the embryo to adverse growth conditions or temperatures. Using this system, researchers can develop new parameters for determining which embryos should be selected for uterine implantation. Fertilitech has installed the EmbryoScope® in IVF clinics in 22 countries. The EmbryoScope® has been used in more than 8000 IVF treatments. It has been cleared for clinical use in the United States by the United States Food and Drug Administration ("FDA"). (The FDA 510(k) approval is attached to this Complaint as Exhibit 1.) Fertilitech also sells the EmbryoSlide® Culture Dish products.

Recently, Fertilitech received several threatening letters from Auxogyn, Inc. ("Auxogyn"), asserting that several of Fertilitech's publications, as well as two upcoming presentations by Fertilitech at the American Society for Reproductive Medicine ("ASRM") Annual Meeting on October 15-19, 2011, could infringe U.S. Patent No. 7,963,906 B2 ("the '906 Patent"). The '906 Patent has been assigned to the Board of Trustees of the Leland Stanford Junior University ("Stanford"), which apparently licensed it to Auxogyn. The letters requested that Fertilitech refrain from making its planned ASRM presentations. (The three letters from Auxogyn to Fertilitech are attached to this Complaint respectively as Exhibits 2, 3, and 4.)

Based on Auxogyn's threatening conduct, Fertilitech brings this action against Auxogyn and alleges as follows:

...

## THE NATURE OF THE ACTION

1. Stanford is the named assignee of the '906 Patent, issued on June 21, 2011, and entitled "Imaging and Evaluating Embryos, Oocytes, and Stem Cells."

2. Auxogyn's website states that it is the exclusive licensee of the '906 Patent.

3. Auxogyn sent three letters to Fertilitech stating that certain Fertilitech activities may infringe several of the '906 Patent claims and requesting that Fertilitech refrain from infringing activities. As a result of Auxogyn's threatening communications to Fertilitech, Fertilitech is under reasonable apprehension of suit by Auxogyn. Fertilitech does not infringe and has not infringed, either directly or indirectly, the '906 Patent, which is invalid and unenforceable. Fertilitech brings this action to obtain declaratory judgments of non-infringement, invalidity, and unenforceability of the '906 Patent.

## THE PARTIES

4. Unisense Fertilitech A/S is a corporation organized under the laws of Denmark, with its principal place of business at Tueager 1, DK-8200 Aarhus N, Denmark.

5. Fertilitech Inc., a wholly owned subsidiary of Unisense Fertilitech A/S, is incorporated in the state of New York, with its principal place of business at 99 Madison Avenue, 17th floor, New York, New York 10016.

6. Stanford is a trust possessing corporate powers organized under the laws of California, with a principal place of business at the Office of the President, Building 10 Main Quad, Stanford, California, 94305.

7. On information and belief, Auxogyn is a California corporation, with its principal place of business at 1490 O'Brien Drive, Suite A, Menlo Park, California 94025.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. As shown below, a justicible controversy exists between the parties that is ripe for this Court's adjudication:

- 3 -
COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT, INVALIDITY, AND INEQUITABLE CONDUCT

a. On information and belief, Auxogyn is a California corporation with its principal place of business in Menlo Park, California.

b. Beginning in August 2011, Auxogyn sent three letters to Fertilitech. These letters warned Fertilitech that certain of Fertilitech's activities may infringe Auxogyn's patent rights in the '906 Patent. These letters were all signed by Auxogyn's President and CEO, Lissa Goldenstein, and listed Auxogyn's address as 1490 O'Brien Drive, Suite A, Menlo Park, California.

c. On or about August 19, 2011, Auxogyn sent a letter to Fertilitech "to ensure that Unisense Fertilitech is aware of [the '906 Patent] and the assessment methods claimed in the patent" and noting that "the United States patent laws may impose legal liability upon a person or entity who induces another person or entity to infringe a patent with the United States." Ex. 2.

d. On or about September 27, 2011, Auxogyn sent a second letter to Fertilitech stating that it had "become aware of [Fertilitech's] publication in *Human Reproduction* entitled 'The Use of Morphokinetics as a Predictor of Embryo Implantation.'" The letter went on "to provide further explanation regarding [the '906 Patent]." Ex. 3.

e. On or about October 11, 2011, Auxogyn sent a third letter to Fertilitech stating, "Auxogyn is concerned about the planned presentations by [Fertilitech] at the American Society for Reproductive Medicine (ASRM) Annual Meeting in Orlando, Florida, U.S., on October 15-19, 2011." This third letter "request[ed] that [Fertilitech] please respect Auxogyn's patent rights and refrain from suggesting or encouraging the use of the '906 Patent's claimed methods within the United States, such as at the upcoming ASRM Annual Meeting." Finally, the letter once again warned that "under United States patent law, infringement of the '906 Patent can be achieved indirectly by inducing others to perform any of the '906 Patent's claimed methods in the United States. The infringing acts of

inducement (such as encouraging others to use the claimed methods) can be performed either inside the United States or outside of the United States." Ex. 4.

10. Based on the foregoing letters sent by Auxogyn to Fertilitech, Fertilitech reasonably apprehended that Auxogyn may institute litigation related to the '906 Patent. An actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.

11. Based on the foregoing acts that occurred in California, this Court has personal jurisdiction over Auxogyn.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

13. Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## GENERAL ALLEGATIONS

14. On information and belief, Stanford is the assignee of the '906 Patent.

15. On information and belief, Stanford granted an exclusive license of the '906 Patent to Auxogyn.

16. Starting in August of 2011, Auxogyn sent a series of threatening letters to Fertilitech warning Fertilitech that certain of its activities may infringe Auxogyn's patent rights.

17. Auxogyn's threatening actions have caused Fertilitech reasonably to apprehend that Auxogyn will sue Fertilitech over the '906 Patent.

18. Fertilitech does not infringe, and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '906 Patent, either literally or under the doctrine of equivalents.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '906 Patent)**

19. Fertilitech realleges and incorporates by reference paragraphs 1 through 18, inclusive, as though fully set forth in this paragraph.

20. Fertilitech has never ever made, used, offered to sell, sold, imported, or exported a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '906 Patent, either literally or under the doctrine of equivalents.

21. Fertilitech's EmbryoScope® product does not directly infringe any claim of the '960 patent. All of the claims of the '906 Patent require that a user of a product perform the mental steps of (1) measuring at least one of three listed cellular parameters and (2) "determin[ing] that [a] human embryo has greater potential for developmental competence." The second, "determining," step requires that the user of a product mentally make a relative assessment of the quality of a given developing embryo based on whether the measured parameter(s) falls into or outside one of three specified time ranges.

22. Fertilitech's EmbryoScope® product provides for continuously monitoring and observing embryos. But EmbryoScope® does not make any determinations about those embryos as required by the claims of the '906 Patent.

23. The FDA allows Fertilitech to market the EmbryoScope® product in the United States for only a specific use. That specific use is, "[t]o provide an environment with controlled temperature, $CO_2$ (and other gases) for the development of embryos. This model has an inverted microscope and imaging system for embryo viewing. Device use is limited to five days (120 hr) covering the time from post-fertilization to day 5 of development." Ex. 1.

24. Fertilitech cannot, and does not, market or sell the EmbryoScope® product in the United States for anything other than the one specific use allowed by the FDA. This use is limited to imaging and viewing embryos and does not include any determination about the embryos that are viewed.

25. Fertilitech has not induced any other person to infringe the claims of the '906 Patent using any Fertilitech product or otherwise. Inducement of infringement requires knowledge on the part of the alleged infringer that its actions will induce others to infringe. Fertilitech's marketing materials describe how the EmbryoScope® operates. There is no mention in any of the marketing materials of how to "determine" anything about an embryo as required

by the claims of the '906 Patent. (Fertilitech's EmbryoScope® brochure is attached to this Complaint as Exhibit 5.)

26. Fertilitech has no knowledge that its publications or presentation will cause another person to directly infringe the claims of the '906 Patent.

27. Fertilitech is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '906 Patent, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '906 Patent)

28. Fertilitech realleges and incorporates by reference paragraphs 1 through 27, inclusive, as though fully set forth in this paragraph.

29. The '906 Patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Invalidity: Failure to Comply With 35 U.S.C. § 101

30. Claims 1-14 of the '906 Patent are invalid under 35 U.S.C. § 101 as these claims do not cover patentable subject matter. As discussed in ¶ 21 above, claims 1-14 involve mental processes conducted by the person practicing the claimed method. Purely mental processes are not patentable subject matter. Claims 1-14 are invalid under 35 U.S.C. § 101.

### Invalidity: Failure to Comply with 35 U.S.C. § 112

31. Claims 1-14 of the '906 Patent are invalid under 35 U.S.C. § 112, first paragraph. The specification of the '906 Patent fails to enable the subject matter of claims 1-14 of the '906 Patent under 35 U.S.C. § 112, first paragraph, because the specification does not describe the manner and process of making and using the full scope of the subject matter of claims 1-14. Further, the specification of the '906 Patent does not provide an adequate written description of the subject matter of claims 1-14 under 35 U.S.C. § 112, first paragraph, because it does not describe the invention sufficiently to show that the inventors were in possession of the claimed invention at the time of filing.

32. The '906 Patent is not entitled to the full priority benefit claimed on the face of the patent. The '906 Patent claims priority to Provisional Application 61/236,085 ("the '085 application"). However, the '085 application does not provide an adequate written description of the subject matter of claims 1-14 under 35 U.S.C. § 112, first paragraph, because it does not describe the invention sufficiently to show that the inventors were in possession of the claimed invention at the time of filing. As a result, claims 1-14 of the '906: (1) are not entitled to priority benefit of the '085 application filing date of August 22, 2009 and (2) lack novelty and/or are obvious over a number of prior art references that were available prior to the May 7, 2010 filing date of the second priority document, Provisional Application 61/332,651.

### Invalidity: Lack of Novelty Under 35 U.S.C. § 102(b)

33. The '906 Patent is invalid for lack of novelty under 35 U.S.C. § 102(b) in light of the disclosures within the following publications:

    a. Yasuyuki Mio, *Morphological Analysis of Human Embryonic Development Using Time-Lapse Cinematography*, Journal of Mammalian Ova Research, Vol. 23, 2006 ("Mio (2006)");

    b. Li Meng *et al.*, *Remote Monitoring and Evaluation of Early Human Embryo Development by a Robotic-Operated Culture-Imaging System*, Oral Presentation No. 47, Pacific Coast Reproductive Society 2009 Annual Meeting ("Meng");

    c. Yasuyuki Mio and Kazuo Maeda, *Time-lapse Cinematography of Dynamic Changes Occurring During in vitro Development of Human Embryos*, American Journal of Obstetrics and Gynecology vol. 199, 2008 ("Mio (2008)"); and

    d. Yumi Adachi *et al.*, *Analysis of Physiological Process in Early State of Human embryos after ICSI using Time-lapse Cinematography*, Journal of Mammalian Ova Research, Vol. 22, 2005 ("Adachi").

34. Each of the above-listed references disclose all the limitations arranged or combined in the same way as claimed in the '906 Patent: claims 1-9 and 12 are anticipated by

Mio (2006); claims 1-5, 9, and 12 are anticipated by Meng; claims 1-5, 9, and 12-14 are anticipated by Mio (2008); and claims 1, 3-9, and 12 are anticipated by Adachi.

**Invalidity: Obviousness Under 35 U.S.C. § 103(a)**

35. The '906 Patent is invalid as obvious under 35 U.S.C. § 103(a). The disclosures within the following combinations of references would have made the invention of the '906 patent obvious to a person of skill in the art at the time the '906 Patent was filed:

    a. Mio (2006) combined with Lemmen *et al.*, *Kinetic Markers of Human Embryo Quality Using Time-Lapse Recordings of IVF-ICSI-Fertilized Oocytes*, Reproductive BioMedicine Online vol. 17 No. 3, July 30, 2008 ("Lemmen");

    b. Mio (2006) combined with Mio (2008);

    c. Mio (2006) combined with Meng and Lemmen, and further combined with Ramsing and Berntsen, PCT Publ. No. 2007/144001 A2, "Embryo quality assessment based on blastomere division and movement," published December 21, 2007 ("Ramsing");

    d. Mio (2006) combined with Trounson *et al.*, *Maturation of Human Oocytes in Vitro and Their Developmental Competence*; Reproduction vol 121, 2001 ("Trounson");

    e. Meng combined with Ramsing, Lemmen, and Mio (2006)

    f. Meng combined with Mio (2006) and further combined with Cummins *et al.*, *A Formula for Scoring Human Embryo Growth Rates in In Vitro Fertilization: Its Value in Predicting Pregnancy and In Comparison with Visual Estimates of Embryo Quality*, Journal of in Vitro Fertilization and Embryo Transfer vol. 3 no. 5, 1986 ("Cummins");

    g. Meng combined with Trounson;

    h. Meng combined with Lemmen and Mio (2008);

    i. Mio (2008) combined with Mio (2006) and Cummins;

    j. Mio (2008) combined with Trounson;

    k. Adachi combined with Lemmen;

| | | |
|---|---|---|
| 1 | l. | Adachi combined with Mio (2008) |
| 2 | m. | Adachi combined with Trounson; |
| 3 | n. | Lemmen combined with Ramsing and Meng; |
| 4-5 | o. | Lemmen combined with Ramsing and Meng, and further combined with Trounson; |
| 6-7 | p. | Lemmen combined with Ramsing and Meng and further in view of Trounson. |

36. There is an actual controversy, within the meaning of 28 U.S.C. §§2201 and 2202, between Fertilitech and Auxogyn concerning the invalidity of the '906 Patent.

37. Fertilitech is entitled to a declaratory judgment that the claims of the '906 Patent are invalid.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Inequitable Conduct / Unenforceability of the '906 Patent)

38. Fertilitech realleges and incorporates by reference paragraphs 1 through 37, inclusive, as though fully set forth in this paragraph.

39. The '906 Patent is unenforceable because it was obtained from the United States Patent and Trademark Office ("USPTO") under the special accelerated examination program. The special program requires that the applicant conduct a preexamination search, file a search report document, and file a statement based on a good faith belief that the preexamination search was conducted in compliance with the requirements of MPEP § 708.02(a).

40. Because of the higher duty of candor that accompanies an accelerated examination program at the USPTO, the inventors of the '906 Patent and their prosecuting patent attorneys had an affirmative duty to provide the USPTO will all information they reasonably could find under the required preexamination search required by MPEP § 708.02(a).

41. On information and belief, if the inventors and their prosecuting patent attorneys had conducted a proper preexamination search, they had to have found at least the following material prior art: Mio (2006); Meng; Mio (2008); Adachi; Lemmen; and Trounson. Under the applicable USPTO rules, they would have been required to disclose this art. They did not

disclose this art. As explained above in paragraphs 33-35, this art is material because it is relevant to the novelty and hence patentability of the '906 Patent claims.

42. On information and belief, the inventors and their prosecuting patent attorneys did not provide the required material prior art that they should have found if they had performed a proper preexamination search.

43. On information and belief, the failure of the inventors and the prosecuting patent attorneys to provide the PTO with the results of a proper preexamination search was an intentional act or omission and done with deceptive intent.

44. On information and belief, providing the USPTO with a statement that a good faith preexamination search was done was an intentional misrepresentation, done with deceptive intent.

45. As an example that the inventors and the prosecuting attorneys acted with deceptive intent, one prior art reference, "Lemmen," (identified above in ¶¶ 33-35 and ¶ 40) was not submitted to the USPTO during prosecution either in an IDS or analyzed in the submitted search document as required by the USPTO's accelerated examination program. Thus, Lemmen was not considered by the Examiner during prosecution of the '906 Patent. However, although Lemmon is mentioned in the "Background of the Invention" section of the '906 Patent, the inventors and prosecuting attorney inaccurately discounted its relevance:

> More recently, time-lapse imaging has been used to observe human embryo development during the first 24 hours following fertilization (Lemmen et al. (2008) Reproductive BioMedicine Online 17(3):385-391). The synchrony of nuclei after the first division was found to correlate with pregnancy outcomes. However, this work concluded that early first cleavage was not an important predictive parameter, which contradicts previous studies (Fenwick, et al. (2002) Human Reproduction 17:407-412; Lundin, et al. (2001) Human Reproduction 16:2652-2657). (emphasis added). '906 Patent, 2:60-3:2.

46. Lemmen was material and should have been presented to the Examiner during prosecution of the application that became the '906 Patent. Had the inventors and their prosecuting attorney presented Lemmen accurately to the Examiner, the Examiner should never have issued the '906 Patent.

47. On information and belief, the foregoing misrepresentation was an intentional act or omission, done with deceptive intent.

48. In addition, MPEP 713.04 requires that "[a] complete written statement as to the substance of any ... interview with regard to the merits of an application must be made of record in the application."

49. On information and belief, the file history of the '906 Patent does not contain the required summary even though an interview with the examiner occurred. In fact, the interview led to significant amendments to the claims that directly led to allowance of the amended claims.

50. On information and belief, the failure of the inventors and their prosecuting patent attorneys to provide a summary of the examiner interview was an intentional act or omission, done with deceptive intent.

51. Fertilitech is entitled to a declaratory judgment that the claims of the '906 Patent are unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Fertilitech asks this Court to enter judgment against Auxogyn as follows:

A. For a declaration that Fertilitech does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '906 Patent, either literally or under the doctrine of equivalents;

B. For a declaration that the '906 Patent is invalid;

C. For a declaration that the '906 Patent is unenforceable;

D. For such other relief as this Court deems just and proper.

DATED: October 14, 2011

Respectfully submitted,

By: _____
EDWARD W. SMITHERS
SMITHERS LAW FIRM

Mark Fox Evens (*pro hac vice*)
Elizabeth J. Haanes (*pro hac vice*)
Byron L. Pickard (*pro hac vice*)
Jennifer S. Bisk (*pro hac vice*)
Suresh B. Pillai (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC
*Attorneys for Plaintiffs Unisense Fertilitech A/S and Fertilitech Inc.*

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiffs Unisense Fertilitech A/S and Fertilitech Inc. hereby demands a jury trial on all issues triable of right by a jury.

DATED: October 14, 2011                    Respectfully submitted,

By: _____
EDWARD W. SMITHERS
**SMITHERS LAW FIRM**

Mark Fox Evens (*pro hac vice*)
Elizabeth J. Haanes (*pro hac vice*)
Byron L. Pickard (*pro hac vice*)
Jennifer S. Bisk (*pro hac vice*)
Suresh B. Pillai (*pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN & FOX, PLLC**

*Attorneys for Plaintiffs Unisense Fertilitech A/S and Fertilitech Inc.*